**AMERICAN HOIST & DERRICK COMPANY and T. S. De Cuir, Plaintiffs,**

v.

**The MANITOWOC COMPANY, INC., Defendant.**

No. 72–C–474.

United States District Court,
E. D. Wisconsin.

Jan. 6, 1977.

Andrus, Sceales, Starke & Sawall by Glenn O. Starke, Milwaukee, Wis., for plaintiffs; Burd, Braddock & Bartz by Robert W. Gutenkauf, Minneapolis, Minn., of counsel.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss by Walter S. Davis, Milwaukee, Wis., for defendant; Wolfe, Hubbard, Leydig, Voit & Osann by Phillip H. Mayer, Chicago, Ill., of counsel.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment in this patent infringement action. The plaintiffs have moved for leave to amend their answer to the defendant's counterclaim. I believe that each of these motions should be denied.

The supplemental complaint charges the defendant with infringing two patents relating to lifting cranes, the De Cuir and Brown patents. The defendant's counterclaim alleges that the plaintiff American Hoist & Derrick Company (American) is infringing the defendant's Beduhn lifting crane patent.

## MOTION FOR SUMMARY JUDGMENT

The defendant's summary judgment motion is based on the contention that American obtained its Brown patent by engaging in fraud on the patent office. In support of this argument, the defendant notes that its prior Beduhn patent was not cited to the patent examiner until the end of the examination process and asserts that the manner in which that patent was cited amounted to a misrepresentation of the nature of the previously patented claims. Further, the defendant claims that American failed to cite to the examiner the relevant prior art embodied in the defendant's Model 4000W Ringer cranes.

Summary judgment is appropriate, according to Rule 56(c), Federal Rules of Civil Procedure, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ It is apparent that the Beduhn patent was in fact cited to the patent examiner by the plaintiffs, however late in the examination process it may have occurred. The record reflects that the examiner specifically noted that the Beduhn patent had been considered. Whether the manner in which that patent was brought to the attention of the examiner amounted to misrepresentation may depend on exactly what is taught by the claims of the Beduhn patent. One of the central disputed issues in this action is what is taught by that patent. The defendant notes in its brief:

"If defendant and Mr. Beduhn say it teaches one thing (the auxiliary green counterweight lifts first) and plaintiffs

say it teaches the opposite (the auxiliary green counterweight is *not* lifted first) we have a factual issue as to what this document teaches that is not well suited for disposition on Summary Judgment." Since the parties differ as to what the Beduhn patent teaches about the order in which the counterweights lift and as to the distribution of balancing forces at the time of lifting, summary judgment is inappropriate.

■ The defendant also contends that even if there is a dispute as to whether misrepresentation occurred in citing the Beduhn patent, the failure to have cited the defendant's 4000W crane as prior art amounted to fraud. However, the plaintiffs note that some of the defendant's own evidentiary material indicates that whatever is taught by the Beduhn patent, which was cited, is precisely the 4000W crane. If this is so, the defendant's position that relevant prior art was not cited to the examiner must fall. Other evidentiary material presented by the defendant suggests that there may be differences between the teachings of the Beduhn patent and the 4000W crane. These submissions raise an issue of fact which precludes summary judgment.

The plaintiffs also urge that Rule 9, Federal Rules of Civil Procedure, requires that fraud be specifically alleged and that fraud was not pleaded by the defendant as an affirmative defense. Since I have determined above that summary judgment is inappropriate, it is unnecessary to deal with this contention here.

### MOTION FOR LEAVE TO AMEND

The plaintiffs have moved for leave to amend their answer to the defendant's counterclaim and have submitted a proposed amended answer raising the defense that the defendant's Beduhn patent upon which the counterclaim is based is invalid due to prior sales of its subject matter. The defendant suggests that the amendment would widen the scope of this lawsuit from one claim of the Beduhn patent to all 19 claims. This is incorrect, as the counterclaim alleges infringement of the patent, not just one claim, and the plaintiffs' answer to the counterclaim already raises several affirmative defenses going to the validity of the entire patent.

■ However, the defendant argues that additional discovery would be needed to deal with the prior sale defense and that all discovery in this action has been cut off. I believe that the proposed amendment, coming 4 years after the commencement of this action and more than 1½ years after the filing of the defendant's counterclaim, should be denied as untimely and prejudicial.

### CONCLUSION

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the plaintiffs' motion for leave to amend their answer to the defendant's counterclaim be and hereby is denied.